NOT FOR PUBLICATION OR CITATION

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**PIKEVILLE**

Eastern District of Kentucky
**FILED**

JUL   6 2005

AT COVINGTON
LESLIE G WHITMER
CLERK U S DISTRICT COURT

CIVIL ACTION NO. 05-CV-60-DLB

BILLY PAUL HOWELL                                               PETITIONER

VS:                    **MEMORANDUM OPINION AND ORDER**

WARDEN HASTINGS                                              RESPONDENT

\* \* \* \* \*

This matter is before the Court upon the petitioner's post-judgment motions for the Court

to reconsider its Order of dismissal and to permit the filing of exhibits.

On February 24, 2005, Billy Paul Howell, an individual currently incarcerated in the United

States Penitentiary-Big Sandy in Inez, Kentucky, submitted a *pro se* petition for writ of habeas

corpus, pursuant to 28 U.S.C. §2241. On April 12, 2005, the Court issued a Memorandum Opinion

and Order denying relief and dismissing the action for the reasons stated therein. Upon the filing of

Petitioner's first motion for reconsideration, the Court did not rule on the motion, but did grant him

an opportunity to present support for his claims.

The petitioner has now submitted another motion for reconsideration and a motion for leave

to submit attached exhibits as evidence. The latter is granted and the Court has considered the

contents thereof. The former contains more facts about the petitioner's earlier challenges to his 1991

conviction in the United States District Court of the Southern District of Texas, including, "On

August 27, 1996, Petitioner filed a §2255 . . . claiming lack of subject matter jurisdiction and

ineffective assistance of counsel." Record No 8 at 2. He states that the district court denied the

motion, but the circuit court remanded for an evidentiary hearing on the issue of ineffective assistance of counsel.  Additionally and in conflict with the aforestated August date, the petitioner writes, "On December 7, Petitioner filed his first original 28 U.S.C. §2255.  On December 30, 1999, the District Court denied the motion."  *Id*. at 3.  The petitioner also alleges that, first in the district court and then in the appellate proceedings, he was denied a certificate of appealability.

The petitioner's arguments and exhibits go to the merits of his claims that (1) the government unlawfully breached their plea agreement; (2) Petitioner is actually innocent of a federal offense because the bank where the crime occurred was not insured by the FDIC; and (3) the cumulative sentence which he received is not only in violation of the plea agreement but also in violation of the double jeopardy clause of the U.S. Constitution.

The Court's opinion, however, with regard to reaching the merits of the petitioner's claims, is unchanged by either the facts or the law which the petitioner now espouses.  He has still failed to meet the requisites for using the savings clause of §2255 at this late date in order to reach the merits of his claims.  He has not demonstrated that he met the two prerequisites for such use of §2241, *i.e.*, he has not demonstrated (1) that his remedy by a motion to the trial court is inadequate or ineffective to challenge his conviction and sentence; and (2) that he is actually innocent of the crime for which he was convicted and sentenced, based upon an intervening Supreme Court case interpreting that crime.  *See Charles v. Chandler*, 180 F.3d 753, 757 (6th Cir. 1999), as amended later in *Martin v. Perez*, 319 F.3d 799 (6th Cir. 2003).

Westlaw research reveals that one of the petitioner's legal challenges was denied in 1999 and the denial affirmed by the United States Court of Appeals for the Fifth Circuit, without opinion.  The petitioner does not state whether the issues herein were a part of those efforts.  More importantly,

2

regardless of the date on which he filed his §2255 motion(s), the petitioner does not even allege that he has sought and been denied permission to file a second or successive §2255 motion from the appellate court. Additionally, the petitioner had opportunities to bring these claims in an earlier §2255 motion or even in his appeal, which was taken out of time.

Because the Court has concluded that the petitioner has not demonstrated that his remedy by a §2241 motion to the trial court is inadequate or ineffective to challenge his conviction and sentence, it is not necessary to reach his contention that he is actually innocent of the crime for which he was convicted and sentenced, based upon an intervening Supreme Court case. Nor can the Court find any miscarriage of justice presented herein which would justify this Court's intervention in a matter reserved for the trial court.

There are three grounds for reconsideration, pursuant to Federal Rule of Civil Procedure 59: (1) to accommodate an intervening change in controlling laws; (2) to account for new evidence not available previously; or (3) to correct a clear error of law or to prevent manifest injustice. *Berridge v. Heiser*, 993 F. Supp. 1136, 1146-47 (S.D. Ohio 1997) (citing *Firestone v. Firestone*, 76 F.3d 1205, 1208 (D.C. Cir. 1996)). A Rule 59 motion is not an opportunity to reargue a case. The petitioner has failed to present any circumstances herein which would permit the relief requested under either Rule 59 or Rule 60.

Therefore, having considered the foregoing, the Court concludes that it may not reach the merits of this petitioner's claims via its §2241 jurisdiction, and **IT IS HEREBY ORDERED** as follows:

(1)     The petitioner's motions for reconsideration [Record Nos. 6-7] are **DENIED**; and

(2)     Petitioner's motion to accept exhibits [Record No. 9] is **GRANTED.**

3

This $\underline{6^{th}}$ day of July, 2005.

Signed By:
*David L. Bunning*
United States District Judge

4